**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**5:19-cr-22-MOC**
**3:23-cr-48-MOC**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREG E. LINDBERG,<br>*Defendant*. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Greg E. Lindberg's and the United States' Joint Motion to Bifurcate the Sentencing Hearings in Case Nos. 5:19-cr-22 and 3:23-cr-48. (No. 5:19-cr-22, Doc. No. 504; No. 3:23-cr-48, Doc. No. 107).

1. In March 2019, Mr. Lindberg was indicted by a grand jury in the Western District of North Carolina along with several co-defendants and charged in the "Public Corruption" case. See United States v. Lindberg, et al., Case No. 5:19-cr-22 (W.D.N.C. 2019) (Doc. Entry No. 3). Following his initial conviction and the reversal of that conviction by the Fourth Circuit Court of Appeals, Mr. Lindberg was convicted at his retrial in May 2024.

2. In February 2023, Mr. Lindberg was charged in a thirteen count Indictment in the "Financial" case. See United States v. Lindberg, Case No. 3:23-cr-48 (W.D.N.C. 2023) (Doc. Entry No. 1).

3. Mr. Lindberg pled guilty to Count One (conspiracy to commit crimes in connection with the insurance business, wire fraud, and investment advisor fraud) and Count Thirteen (money laundering conspiracy) in the Financial case, pursuant to a written plea agreement. As part of his plea agreement, Mr. Lindberg agreed to pay restitution to victims of the conduct charged in the Indictment and to the appointment of a Special Master to "identify, receive, apportion, and

distribute funds for restitution, and perform any other related tasks as ordered by the Court." Fin. Doc. Entry No. 40.

4. On the day of his plea hearing, Mr. Lindberg voluntarily surrendered to begin serving his federal sentence. Mr. Lindberg has been incarcerated at the Gaston County Jail since November 12, 2024. He previously spent 633 days incarcerated in the Public Corruption case.

5. On December 5, 2024, the United States and Mr. Lindberg jointly moved the Court to enter an order appointing a Special Master. Fin. Doc. Entry No. 54. The Court entered an Order appointing Joseph W. Grier, III, as Special Master on January 23, 2025. Fin. Doc. Entry No. 56.

6. On June 17, 2025, the final Presentence Report was filed in connection with Case Nos. 5:19-cr-22 and 3:23-cr-48.

7. The parties jointly recommended that Mr. Lindberg be sentenced in both matters at a consolidated sentencing hearing, and the Court intends to consolidate Mr. Lindberg's cases for sentencing.

8. The restitution issues involved in this case are complex and involve hundreds of millions of dollars and multiple classes of potential victims. It is anticipated that the restitution issues in this case may require a lengthy hearing or hearings.

9. Although the final Presentence Report has been prepared for more than nine months, the Special Master only recently filed its initial report regarding restitution providing recommendations relating to the identification of restitution victims and restitution amounts and seeking the entry of a preliminary order of restitution after consideration of any objections filed to the Report. The Special Master requested that the Court allow interested parties 30 days to file any objections to that Report. Mr. Lindberg, the United States, and the Special Master will likely need some additional time to analyze any objections to the Report.

10. In addition, once the Court has determined which parties are due restitution and in what amounts, the Special Master will have additional work to complete to craft recommendations to the Court regarding other matters regarding restitution, such as payment priority.

11. Other than the restitution aspects of this case, Mr. Lindberg is ready for sentencing in both cases.

12. Mr. Lindberg and the United States jointly request that the Court bifurcate the sentencing hearing in this case from the hearings involving issues of restitution. Specifically, the parties request that the Court schedule the sentencing hearing after it enters a preliminary restitution order but before any hearings finalizing restitution. This approach will allow the sentencing hearing to move forward and for the final details regarding restitution to be determined sometime thereafter.

13. The Court concludes that bifurcation of the sentencing hearing is appropriate pursuant to 18 U.S.C. § 3664(d)(5). Section 3664(d)(5) provides that "[i]f the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing."

14. The United States Supreme Court has made clear that it is appropriate to hold a separate hearing to determine restitution after the sentencing hearing. See Manrique v. United States, 581 U.S. 116, 118 (2017) (when the amount of restitution is not known at the time of sentencing, "the court may enter an initial judgment imposing certain aspects of a defendant's sentence, such as a term of imprisonment, while deferring a determination of the amount of restitution until entry of a later, amended judgment."); Dolan v. United States, 560 U.S. 605, 608–

09 (2010) (court proceeded to sentence defendant and left the matter open for the determination of restitution, pending the receipt of additional information).

15. Here, the Court finds that bifurcation of the sentencing and restitution hearings is appropriate. This approach will allow the sentencing hearing to move forward and for restitution to be finalized at a later date after any necessary hearings on such issues.

It is **THEREFORE ORDERED** that the Joint Motion to Bifurcate the Sentencing Hearing (No. 5:19-cr-22, Doc. No. 504; No. 3:23-cr-48, Doc. No. 107) is **GRANTED**. The parties are directed to confer and provide the Clerk with some proposed dates for the sentencing hearing. The sentencing hearing will be held after the Court enters a preliminary restitution order. Following the sentencing hearing, the Court will schedule one or more hearings (if necessary) to finalize restitution.

Signed: April 6, 2026

Max O. Cogburn Jr
United States District Judge