UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREG E. LINDBERG | )<br>)<br>)<br>)<br>)<br>)<br>) | DOCKET NO. 3:23-cr-48<br>5:19-cr-22 |

**MOTION FOR EXTENSION OF TIME TO FILE RESPONSES**

The United States moves this Court to extend the time for filing its responses to Defendant Lindberg's various recently-filed Emergency Motions (Docs. 172, 190, 201, and 202 in Case 3:23-cr-48 and the identical filings made in Case 5:19-cr-22), and any additional such future motions, until at least 14 days after such time as the Court rules on the pending motions by Katten Muchin Rosenman LLP (hereinafter Katten) and Wyatt & Blake to withdraw as counsel for Defendant Lindberg (Docs. 195, 196, and 197 in Case 3:23-cr-48 and the identical filings made in Case 5:19-cr-22) or as otherwise directed by the Court as part of a consolidated briefing schedule for the reasons set forth below.

1. On May 26, 2026, this Court conducted a sentencing hearing for Defendant Lindberg, with the restitution hearing to be scheduled at a later date.

2. Defendant has made multiple filings styled as emergency motions on June 9, 11, and 15, 2026, (Docs. 172, 190, 201, and 202) through counsel Kenneth Barnes, newly appearing on June 9, 2026. Doc. 170.

3. The motion at Docket 172, filed the evening of June 9th, and associated memorandum of law, total approximately seventy pages in length. Counsel did not confer with the Government about the motion prior to its filing.

4. On June 10, 2026, the Government emailed Defendant's counsel with Katten and Wyatt & Blake to inquire regarding the status of their representation, given the newly appeared counsel and arguments contained in the motion inconsistent with prior positions taken by Defendant's counsel. Counsel from Katten informed the Government via email that the motion had been filed without their knowledge or involvement, and that they and counsel from Wyatt & Blake intended to file motions to withdraw that same day, June 10, 2026.

5. The motion filed at Docket 190 on June 11th and associated documents total approximately 67 pages in length. Counsel also did not confer with the Government about the motion, and the Consultation Statement on page 39 was left blank.

6. On June 12, 2026, Defendant's counsel with Katten, who have represented Defendant in the case since approximately September 2019, filed a motion to withdraw as counsel, citing an irreconcilable conflict of interest. (Doc. 196)

7. On June 12, 2026, Defendant's counsel with Wyatt and Blake, who have also represented Defendant since approximately July 2022, filed motions to withdraw as counsel, citing an irreconcilable conflict of interest. (Doc. 197)

8. Both motions to withdraw indicated that Defendant had been provided with a written document to sign consenting to withdrawal of counsel, to be filed upon receipt from Defendant. As of this date, no signed consent has been filed on the docket.

9. On June 15, 2026, Defendant filed two more emergency motions. (Docs. 201 and 202). The motions appear largely, if not entirely, duplicative of each other.

10. On June 15, 2026, counsel from Katten informed the Government that Defendant would be represented by another law firm out of Nashville. The Government indicated it would be happy to work with that law firm on the case once it files a notice of appearance.

11. Defendant, through attorney Kenneth Barnes, indicated via a June 16, 2026 email to the ECF Help Desk and to government counsel, that he objects to this request for an extension of time.

12. At this point, numerous motions filed by Defendant related to restitution; status of counsel; and even the recusal of government attorneys in this case are pending, with no clear answer as to who represents Defendant and for how long, nor whether such counsel is aware of the prior representations and agreements of Defendant. Further, there are numerous parties other than the Government to the restitution proceedings, the positions of whom may need to be accounted for in responses. Accordingly, the Government respectfully requests (1) a status hearing in regard to the numerous pending motions; and/or (2) an extension of fourteen days to file responses after a ruling on the motions to withdraw by Katten and Wyatt & Blake.

Respectfully Submitted this 16th day of June 2026.


DALLAS J.E. KAPLAN
ATTORNEY FOR THE UNITED STATES[1]

/s/ ***Daniel Ryan***
Daniel Ryan
Dana Washington
Assistant United States Attorneys
United States Attorney's Office
Western District of North Carolina
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-3222
daniel.ryan@usdoj.gov

LORINDA I. LARYEA
CHIEF
CRIMINAL DIVISION, FRAUD SECTION

***/s/ Lyndie M. Freeman***
Lyndie M. Freeman
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
Georgia Bar No. 119499
1400 New York Avenue
Washington, DC 20005
Telephone: 202-616-5315
lyndie.freeman@usdoj.gov


[1] Acting under authority conferred by 28 U.S.C. § 515.

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certify that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: June 16, 2026

/s/ Daniel Ryan
*Assistant United States Attorney*