**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-cr-48<br><br>Case No. 5:19-cr-22 |

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR EXTENSION OF TIME**

Defendant Greg E. Lindberg, by and through undersigned counsel, respectfully submits this Response in Opposition to the Government's Motion for Extension of Time (Doc. 205) (the "Motion"). The Motion should be denied. In the alternative, should the Court be inclined to grant the Government any extension, Defendant respectfully requests the limited relief set forth in the Conclusion below. In support, Defendant states as follows:

1. The pending motions are complete and ripe for response. Defendant's motions at Docket Nos. 172, 190, 201, and 202 are fully briefed as filed. Each squarely presents the issues to which the Government must respond, and nothing about those motions prevents the Government from responding within the time prescribed by the rules of this Court.

2. The status of Defendant's counsel does not relieve the Government of its obligation to respond. Defendant is presently represented by undersigned counsel, who entered an appearance on June 9, 2026. (Doc. 170.) Whether prior counsel are permitted to withdraw, and whether additional counsel later appear, has no bearing on the Government's deadline to respond to motions already on file. The Government's response is owed to the Court and to the issues raised, not to any particular attorney. Should counsel later appear and seek leave to supplement or amend Defendant's motions, the Government may address any such supplement at that time.

3. The Government has been aware of the circumstances it now invokes for nearly a week yet waited until the eve of its deadline to seek relief. By the Government's own account, it communicated with prior counsel regarding the status of Defendant's representation on June 10, 2026, and was informed that same day of counsel's intent to withdraw. (Doc. 205 ¶ 4.) Prior counsel's motions to withdraw were filed on June 12, 2026. (*Id.* ¶¶ 6–7.) The Government was therefore on notice of the very circumstances it now offers as cause for delay as early as June 10, 2026, and in all events by June 12, 2026. It nonetheless waited until June 16, 2026—on or about the eve of its response deadline—to request an extension. A party that holds the asserted basis for an extension for the better part of a week, and seeks relief only as the deadline arrives, has not shown the diligence that good cause requires.

4. The Government's complaint that it was not consulted before Defendant's motions were filed cannot be reconciled with its own conduct. The Government faults counsel for declining to confer before filing, and notes that the Consultation Statement accompanying Defendant's June 11 motion was left blank. (Doc. 205 ¶¶ 3, 5.) But the Government's own conduct foreclosed any meaningful conferral. After Defendant's first motion was filed on June 9, 2026, the Government did not respond on the merits or raise any concern with current counsel. Instead, it contacted prior counsel and sought the removal of Defendant's filing, and related entries, from the Court's ECF docket. (Doc. 201-1.) Once the Government had taken that step—seeking to have a represented party's filing stricken from the docket through former counsel—good-faith conferral with the Government concerning Defendant's subsequent motion was neither possible nor productive. The absence of conferral, and the blank Consultation Statement the Government now invokes, are therefore the direct consequence of the Government's own actions; they are not a failing by Defendant, and they are not an equitable basis for the discretionary extension the Government

seeks. The Government's conduct further confirms that it was actively engaged with the substance of Defendant's motion within a day of its filing, which cannot be squared with any suggestion that the Government now requires additional time to respond.

5. Good cause is required and has not been shown. An extension of time in a criminal case requires a showing of good cause. *See* Fed. R. Crim. P. 45(b)(1)(A). The Government's stated grounds—the length of Defendant's filings, the absence of pre-filing conferral, and uncertainty regarding the identity of future counsel—do not establish good cause for delaying a response to motions that are already complete and that raise urgent, time-sensitive issues. The length of Defendant's filings reflects the gravity and complexity of the matters at issue; it is not a basis to postpone the Government's response.

6. The relief the Government seeks is open-ended and would compound the prejudice to Defendant. The Government does not request a date certain. It requests an extension "until at least 14 days after" the Court rules on the pending motions to withdraw, "or as otherwise directed." (Doc. 205 at 1.) Tying the Government's response to the resolution of the separate withdrawal motions would leave Defendant's urgent motions unanswered for an indeterminate period and would reward, rather than excuse, the delay described above.

7. Several of Defendant's motions concern his ability to participate in his own defense and cannot await an open-ended extension. Among the pending motions are requests addressing Defendant's conditions of confinement and his access to counsel and to the computer, internet, and spreadsheet resources necessary to review the restitution materials and assist in his defense. Defendant was sentenced on May 26, 2026 (Doc. 205 ¶ 1), and contested restitution proceedings remain ongoing. Every day that these access issues remain unresolved impairs Defendant's ability to exercise his constitutional and due-process rights and to assist counsel in responding to the

restitution report. The volume of Defendant's recent filings is itself a product of the urgency of these issues and of Defendant's diligent effort to protect his rights—not a reason to delay the Government's response.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court DENY the Government's Motion for Extension of Time and direct the Government to respond to Docket Nos. 172, 190, 201, and 202 within the time prescribed by the rules of this Court.

In the alternative, should the Court be inclined to grant the Government any extension of time, Defendant respectfully requests that the Court:

(a) enter, on an interim basis pending full briefing, the relief requested in Defendant's motion filed June 15, 2026 (Docs. 201, 202) as to Defendant's placement and access—specifically, that Defendant not be designated to or transferred into Bureau of Prisons custody pending the Court's determination of final restitution, and that Defendant be afforded daily access to his counsel and to a computer, internet, and spreadsheet resources sufficient to review the restitution report and to assist counsel in responding to it—so that any extension granted to the Government does not come at the expense of Defendant's ability to participate in his own defense; the separate relief requested in that motion concerning government counsel may be reserved for resolution after full briefing; and

(b) grant such other and further relief as the Court deems just and proper.

[SIGNATURE PAGE FOLLOWS.]

Respectfully submitted this 17th day of June, 2026.

/s/ Kenneth Barnes__________
**KENNETH BARNES**
Kenneth Barnes Legal, PLLC
N.C. Bar No. 14035
356 Travel Lite Dr., Raleigh, NC 27603
Tel: (919) 524-1977
Email: barnesatty@aol.com
Counsel for Defendant Greg E. Lindberg

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and
2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: June 17, 2026

/s/ Kenneth Barnes
Kenneth Barnes
Counsel for Defendant Greg E. Lindberg

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Kenneth Barnes
Kenneth Barnes