**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC<br>Case No. 5:19-CR-22-MOC |

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE SPECIAL MASTER'S MOTION FOR EXTENSION OF TIME (DOC. 218) AND TO THE SPECIAL MASTER'S INITIAL RESPONSE (DOC. 217)**

Defendant Greg E. Lindberg respectfully submits this Response in Opposition to the Special Master's Motion for Extension of Time (Doc. 218) and to the Special Master's Initial Response (Doc. 217). By these two filings the Special Master would defer his answer to Defendant's pending Motion to Stay Enforcement of the Preliminary Order of Restitution (Doc. 172) and Emergency Motion to Stay All Asset Sales and to Disqualify the Special Master (Doc. 190). The Motion for Extension should be denied, and the question of the Special Master's disqualification taken up first. An extension sought by motion requires a showing of good cause, and that burden falls on the movant. Fed. R. Crim. P. 45(b)(1)(A). The Special Master invokes that very standard (Doc. 218 ¶ 8), but he cannot satisfy it.

1. The relief Defendant's motions seek is time-sensitive, and an open-ended extension would defeat it. For as long as the motions go unanswered, the Special Master continues to sell Defendant's property, and those dispositions are irreversible. Beckett—a company that had been among Defendant's holdings—was sold to Collectors in December 2025 with no motion, no notice, no order, and no accounting of the proceeds. (Doc. 190-4 ¶¶ 3, 11; Ex. A.) Every additional day

the motions go unanswered is a day in which more of Defendant's property may be sold beyond recovery.

2. The Special Master offers no good cause for the delay. His central justification—that he must finish his restitution work before the deadline in 18 U.S.C. § 3664(d)(5)—fails, because that deadline is not jurisdictional and may be exceeded. In granting the bifurcation motion the Special Master did not oppose, this Court relied on *Manrique v. United States*, 581 U.S. 116 (2017), and *Dolan v. United States*, 560 U.S. 605 (2010), and provided that restitution would "be finalized at a later date after any necessary hearings." (Doc. 107 ¶ 15; Doc. 108 ¶¶ 14–15.) Nor does he need more time. He filed a substantive Initial Response the same day he moved for the extension (Doc. 217), and he has worked with Defendant's counsel since January 2025. The Special Master also points to the turnover in Defendant's counsel as a ground for delay. (Doc. 218 ¶¶ 4, 8(b).) But it is Defendant's counsel that changed, not the Special Master's; his own representation is unchanged, and the motion he must answer is already on file. A party is not entitled to more time because his opponent has retained new lawyers—if new counsel warrants any accommodation, it runs to the Defendant, whose counsel must come up to speed, not to the officer Defendant has moved to disqualify.

3. The extension also has no fixed endpoint. The Special Master does not ask for time to a date certain; he asks for time "until at least the tenth (10th) day following entry of an order on this extension motion." (Doc. 218 at 1.) That deadline cannot begin to run until the Court rules—and at the June 17, 2026 telephone conference the Judge advised that he would be unavailable, owing to travel, until July 6, 2026. The Special Master's deadline thus floats weeks into the future, expanding with every day the Judge is away, while his sales of Defendant's property continue in

the meantime. An extension with no fixed end is precisely what a motion to halt ongoing, irreversible sales cannot abide.

4. The motion proceeds as though the Special Master were a neutral seeking only to "clarify" the record. He is not. A special master under 18 U.S.C. § 3664(d)(6) submits proposed findings for the Court's independent review; he does not litigate against the defendant. This Special Master has repeatedly done the latter—filing a point-by-point rebuttal of Defendant's sentencing memorandum that recharacterized his cooperation; pressing Defendant to sign a waiver that releases the Special Master himself; echoing the Government's accusations against Defendant, down to the very arguments in the Government's own motion to extend; and faulting Defendant's change of counsel and resort to motion practice as an "abrupt change" in his approach—a grievance that, good cause aside, no neutral would voice, and that bears on nothing the Court will decide on the record. (Doc. 159 ¶¶ 2(a), 3; compare Doc. 205, with Doc. 218 ¶¶ 4, 8(b).) Granting him more time would only deepen the injury, handing an officer who has abandoned neutrality further opportunity to file against Defendant and to liquidate his assets while the motion to disqualify him sits unanswered.

5. Most telling, the Special Master is racing to finalize a report before the objections to it can be heard. He represents that he will complete his restitution recommendations in a supplement due July 25, 2026 (Doc. 218 ¶ 6), even as he asks to defer his answer to the motions challenging his work. Defendant, now in the custody of the Bureau of Prisons, will place his objections before the Court by motion, as the bifurcation order entitles him to do—the offsets, recoveries, and payments approaching $2.9 billion against the $1.655 billion preliminary figure, and the causation of the losses for which restitution is sought, issues the Special Master's analysis never resolved and that go to the heart of Defendant's sentence. (Doc. 190-4 ¶ 13.) Neither the

Special Master nor the Government has offered any facts answering those showings; faced with offsets of that magnitude, and with a causation the analysis never addressed, their response has been to seek delay, not to rebut. The recourse the Special Master has disclosed is to finalize his report regardless—fixing the restitution figure by report rather than answering it on the record. That, above all, is why the extension must be denied: the Special Master's disqualification resolved first, and his work stayed until it is.

6. Finally, Defendant does not concede the characterizations in the Special Master's Initial Response (Doc. 217). To the extent that response contains any substance requiring a reply—and it contains none—Defendant will address it after the Government and the Special Master have filed their answers to his motions. He should not be made to answer now, while both seek to defer their own responses—a sequence designed to force Defendant to commit his position before the opposing parties commit theirs.

**CONCLUSION**

WHEREFORE, Defendant respectfully requests that the Court deny the Special Master's Motion for Extension of Time (Doc. 218); take up Defendant's Emergency Motion to Stay All Asset Sales and to Disqualify the Special Master (Doc. 190)—beginning with the question of the Special Master's disqualification—together with Defendant's Motion to Stay Enforcement of the Preliminary Order of Restitution (Doc. 172), without further delay; permit Defendant to respond to the substance, if any, of the Special Master's Initial Response (Doc. 217) after the Government and the Special Master have filed their answers to his motions; and grant such other and further relief as the Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted this 22nd day of June, 2026.

/s/ Kenneth N. Barnes
Kenneth N. Barnes
N.C. Bar No. 14035
KENNETH BARNES LEGAL, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
(919) 524-1977
barnesatty@aol.com

*Counsel for Defendant Greg E. Lindberg*

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: June 22nd , 2026

/s/ Kenneth N. Barnes
Kenneth N. Barnes
Counsel for Defendant Greg E. Lindberg

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including counsel for the Special Master.

/s/ Kenneth N. Barnes
Kenneth N. Barnes