**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREG E. LINDBERG,<br><br>Defendant. | Case No. 3:23-CR-48-MOC<br>Case No. 5:19-CR-22-MOC |

**DEFENDANT'S UNSIGNED DRAFT RESPONSE AND OBJECTION TO SPECIAL MASTER'S SECOND SUPPLEMENT ATTACHED AS EXHIBIT A AND UNOPPOSED MOTION FOR A ONE-WEEK EXTENSION OF TIME TO FILE HIS RESPONSE AND OBJECTION TO THE SPECIAL MASTER'S SECOND SUPPLEMENT (DOC. 245)**

Defendant Greg E. Lindberg respectfully moves for a one-week extension of time, to and including August 6, 2026, to file his Response and Objection to the Special Master's Second Supplement to the Report and Recommendations Regarding Restitution (Doc. 245). A current draft of that Response is attached as **Exhibit A.** The Government and the Special Master consent to the one-week extension requested here. In support, Mr. Lindberg states:

1. The Response and Objection to Doc. 245 is presently due July 30, 2026. Mr. Lindberg requests a one-week extension of that deadline. The Government and the Special Master have agreed to a one-week extension, and the extension requested here is therefore unopposed.

2. A current draft of Mr. Lindberg's Response and Objection is attached as Exhibit A. It is attached to show that Mr. Lindberg has worked diligently on his part of this proceeding. From federal custody, and with only limited access to counsel, he has prepared a detailed, record-supported Response. The additional week will allow counsel to finalize the Response and go over

the report with Mr. Lindberg provided he has access to the Defendant. Defendant may be moved for a hearing on August 7, 2026 and may lose access to counsel during the move.

3. Separately, and not in lieu of the Response, Defendant's counsel will file a Motion to Hold the Special Master's Second Supplement (Doc. 245) and proposed Final Order of Restitution (Doc. 245-1) in Abeyance until the Government answers Mr. Lindberg's pending motions in writing, on the merits, and Mr. Lindberg is afforded an opportunity to reply. The Government and the Special Master oppose that abeyance relief. This extension motion is limited to the filing deadline and is agreed; the abeyance motion presents a separate question on which the parties disagree, and Mr. Lindberg reserves it.

4. The draft Response also illustrates why the extension is warranted. Under 18 U.S.C. § 3664(e), the Government bears the burden of proving the amount of the victims' loss by a preponderance of the evidence, and any dispute is resolved by the Court after the de novo determination § 3664(d)(6) requires. Mr. Lindberg's pending motions document that the Government has refused to respond on the merits to any of the causation, foreseeability, offset, and amount issues he has raised—the very burden-of-proof issues his Response highlights. And Mr. Lindberg cannot complete his showing without records he does not possess: the books and records of the companies he surrendered are held by the Special Master, NHC Holdings, LLC, and the Rehabilitator (Michael Dinius), and both the Special Master and the Government are now opposing Mr. Lindberg's effort to obtain those records by Rule 17(c) subpoena. Doc. 248.

5. Requiring Mr. Lindberg to file a final response on an incomplete record—while the Government stays silent on the merits and the documents he needs are withheld—burdens his due-process right to a meaningful opportunity to be heard on the disputed restitution issues, a right that is heightened because restitution under the MVRA is criminal punishment. See *Ellingburg v.*

*United States* (2026); Doc. 201; Doc. 202. The brief extension requested here mitigates, but does not eliminate, that prejudice; the forthcoming abeyance motion addresses the remainder.

WHEREFORE, Mr. Lindberg respectfully requests that the Court (1) grant a one-week extension of time, to and including August 6, 2026, for the filing of his Response and Objection to the Special Master's Second Supplement (Doc. 245); and (2) grant such other and further relief as is just.

Respectfully submitted, this 30th day of July, 2026.

//s/ Kenneth Barnes__________
**KENNETH BARNES**
Kenneth Barnes Legal, PLLC
N.C. Bar No. 14035
356 Travel Lite Dr., Raleigh, NC 27603
Tel: (919) 524-1977
Email: barnesatty@aol.com
*Counsel for Defendant Greg E. Lindberg*[1]

[1] Pursuant to LCrR 44.1 and LCvR 83.1 (c)(4), attorney Vivek Ramachandran has not signed this Notice of Filing Errata while his Motion for Pro Hac Vice remains pending.

**CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE**

Based on the Standing Order of this Court, In re: Use of Artificial intelligence dated July 29, 2026, there is no AI certification attached to this filing.

/s/ Kenneth Barnes__________
**KENNETH BARNES**

**CONSULTATION STATEMENT**

Pursuant to the Local Rules, counsel states that counsel for the United States and counsel for the Special Master were consulted and consent to the one-week extension of time requested in this motion. The United States and the Special Master oppose the separate motion to hold the Special Master's Second Supplement in abeyance, referenced in paragraph 3 above, which Defendant will file separately.

/s/ Kenneth Barnes__________
**KENNETH BARNES**

**CERTIFICATE OF SERVICE**

I certify that on the date set forth below I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

/s/ Kenneth Barnes__________
**KENNETH BARNES**