**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 3:23-CR-48-MOC |
| Plaintiff, | ) Case No. 5:19-CR-22-MOC |
| | ) |
| v. | ) Judge Max O. Cogburn, Jr. |
| | ) |
| GREG E. LINDBERG, | ) EXPEDITED CONSIDERATION |
| | ) REQUESTED |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO THE SPECIAL MASTER'S RESPONSE (DOC. 266) TO DEFENDANT'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM (DOC. 248)**

## INTRODUCTION

This Response addresses the Special Master's Response (Doc. 266) to Defendant's Motion for Issuance of Subpoenas Duces Tecum (Doc. 248). Fairly read, the Special Master's Response concedes the Motion: it establishes that the books, records, valuations, and loss data the restitution accounting requires are held by custodians whom no participant in this proceeding can compel except through Rule 17(c). The Special Master should not be heard to resist the only process that can complete the record his own Report leaves unfinished.

## ARGUMENT

### I. The Special Master's Response Concedes the Motion — No Participant Can Reach the Records, and Fixing Restitution Without Them Is What the MVRA Forbids

The Special Master's Response, fairly read, concedes the Motion. Its premises are that he does not control the companies' books and records, Docs. 266, 268; that his professionals "have no direct knowledge of the facts and circumstances critical to the restitution determination," Doc.

266; and that the accounting remains incomplete — he has not so much as obtained an accounting of the Beckett sale, which he says he will address "in a future report," Doc. 268. Those premises establish that the records the Court needs exist only in the hands of custodians whom no participant in this proceeding can compel except through Rule 17(c). The Special Master claims "no authority to compel" the companies and no control over them, Docs. 266, 268 — a claim Defendant disputes, the Special Master having stepped into Defendant's shoes as record owner able to compel production, which he refused — and the Government has not sought the records it has authority to obtain. But even on the Special Master's own telling, only Defendant's subpoenas can reach them. Opposing the subpoenas therefore accomplishes nothing except to guarantee that a restitution exceeding $1.6 billion is fixed on records that no one — not the defendant, not the Special Master, not the Government, and not the Court — has ever seen in full. The Special Master's Response is, in that precise sense, objectively pointless.

It is also an attempt to obtain what the MVRA forbids. The statute commands that the Court determine "the full amount of each victim's losses," 18 U.S.C. § 3664(f)(1)(A), and resolve every dispute "by the preponderance of the evidence," § 3664(e), with the burden on the Government. To deny the only process that can complete the record, and then fix restitution on the untested recommendation of a fee-interested officer who claims he could not obtain the underlying data (though he stepped into Defendant's shoes as record owner and could compel it), would invert that burden and substitute an admittedly incomplete report for the proof the statute requires. Mr. Lindberg has now lodged detailed, itemized objections to the Report — each turning on the very records these subpoenas seek — and neither the Government nor the Special Master has answered them on the merits.

The Special Master's effort to distance himself from the records only sharpens the need for them. He concedes that his own designee on the NHC board voted to approve the Beckett sale, that he consented to that course of action, and that he executed a letter confirming he did not oppose it — consistent with the Motion to Disqualify (Doc. 269) showing that the sale required his approval as record owner — yet he admits he has not obtained, let alone produced, any accounting of that sale's proceeds. Doc. 268 & n.19. The officer whose consent the Beckett sale required is thus the same officer who now resists producing its records, even as other Primary Restitution Asset sales "may be consummated in the coming weeks" "outside of the special master process." Doc. 268 n.8. On this record the remaining themes of the opposition to the subpoenas collapse: "already in possession" fails because the records are conceded not to be the Special Master's to give; "no factual disputes" fails because the Special Master concedes his team lacks direct knowledge of the facts and that the Beckett accounting does not yet exist; and "harassment of victims" fails because the subpoenas run to the court officers and fiduciaries who administered the estate — not to the policyholder victims, every one of whom has been paid in full; and in any event the institutional "victims" the Government and the Special Master invoke are the insurance companies, and requiring them to produce records of what they received and how those funds were used is not harassment but the accounting the MVRA requires, 18 U.S.C. § 3664(f)(1)(A), (j)(2), to compute the mandatory credits and offsets. The Motion should be granted.

More importantly, the import of all of these arguments is that restitution rests on guesses of the Special Master, based on documents the court has not seen, the special master claims to not be able to produce, the government does not have and the defendant cannot have because he turned over the companies to the custodians and the special master. This record cannot meet the accounting requirements of MVRA that are a prerequisite to restitution determination.

## CONCLUSION

For these reasons, and because the Special Master's own Response confirms that the records are not under his control — a characterization Defendant disputes, the Special Master having stepped into Defendant's shoes as record owner able to compel production, which he refused — and that his professionals lack direct knowledge of the facts they purport to resolve, Rule 17(c) is the only path to a complete record. Denying it would fix a criminal penalty exceeding $1.6 billion on evidence no one has seen, in violation of 18 U.S.C. §§ 3664(e) and (f)(1)(A). The Motion should be granted.

Dated: August 6, 2026.

Respectfully submitted,

/s/ Kenneth N. Barnes
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

Counsel for Greg E. Lindberg