**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GREG E. LINDBERG,<br>Defendant. | Case No. 3:23-CR-48-MOC<br><br>Judge Max O. Cogburn, Jr. |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM (DOC. 248)**

Defendant Greg E. Lindberg respectfully submits this Notice of Supplemental Authority in support of his Motion for Issuance of Subpoenas Duces Tecum (Doc. 248) and his Replies in support of that Motion (Docs. 283, 285). The following decisions confirm that Federal Rule of Criminal Procedure 17(c) is available to compel the pre-hearing production of documents for a post-sentencing restitution determination under 18 U.S.C. § 3664(d)(5) and (d)(6) — the precise posture of this case. They supplement, and do not repeat, the authorities cited in the Motion and Replies.

**I. *United States v. Winner*, 641 F.2d 825 (10th Cir. 1981).**

The Tenth Circuit held squarely that Rule 17(c) reaches beyond trial: "[a]lthough Rule 17 subpoenas are generally employed in advance of trial, we see no reason why their use should not be available for post-trial motions and sentencing." *Id.* at 833. The court then restated the *Nixon* factors for that posture, requiring the party seeking production to show that the materials are evidentiary and relevant, not otherwise procurable in advance through the exercise of due diligence, necessary to prepare for the post-trial or sentencing proceeding, and sought in good faith and not

as a general fishing expedition. *Id.* (citing *Nixon*, 418 U.S. at 699–700). *Winner* is the source of the rule the Ninth Circuit adopted in *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (already cited, Doc. 248 at 6), and it forecloses any suggestion that Rule 17(c) is confined to the pretrial phase.

## II. *United States v. Ruth*, 495 F. Supp. 3d 161 (W.D.N.Y. 2020).

The court enforced a *defendant's* Rule 17(c) subpoena for use at a sentencing hearing, recognizing that the strict evidentiary limitations that govern a criminal trial do not apply at sentencing, where the court may consider any information bearing sufficient indicia of reliability. *Ruth* confirms that the *Nixon* admissibility inquiry is calibrated to the proceeding: a party seeking production for a sentencing or restitution hearing need not establish trial admissibility, but only relevance and reliability. That standard is readily met here, where the subpoenaed records go directly to the causation and offset questions the Court must resolve under 18 U.S.C. § 3664(e).

## III. *United States v. Vandeberg*, 201 F.3d 805 (6th Cir. 2000).

The Sixth Circuit held that the ninety-day provision of 18 U.S.C. § 3664(d)(5) is not jurisdictional and does not terminate the district court's authority to determine restitution after that period. The deferred restitution determination is thus a continuing phase of the criminal sentencing itself — the posture of this case — to which the Federal Rules of Criminal Procedure apply, 18 U.S.C. § 3664(c), and in which restitution is imposed as criminal punishment, *Ellingburg v. United States*, 607 U.S. ___, 146 S. Ct. 564 (2026). *Vandeberg* reinforces *Dolan v. United States*, 560

U.S. 605, 611–13 (2010) (already cited, Doc. 285), that the ninety-day date exists to protect victims and does not curtail the court's power — or the defendant's right to develop the record on which that determination must rest.

**IV. Authority Within the Fourth Circuit.**

Although no published Fourth Circuit decision addresses Rule 17(c) in a post-sentencing MVRA restitution proceeding, the Circuit construes Rule 17(c)'s reach expansively. *See In re Grand Jury Subpoena*, 829 F.2d 1291 (4th Cir. 1987) (the *Nixon* construction of Rule 17(c) applies beyond the trial setting). District courts within the Circuit have applied the *Nixon* factors to Rule 17(c) subpoenas and recognized the Rule's availability outside trial. *See United States v. Beckford*, 964 F. Supp. 1010 (E.D. Va. 1997); *United States v. King*, 194 F.R.D. 569 (E.D. Va. 2000).

## CONCLUSION

These authorities confirm that Rule 17(c) is available for the post-sentencing restitution determination before the Court, and that the *Nixon* factors — calibrated, as *Winner* and *Ruth* require, to the nature of that proceeding — are satisfied for the reasons set forth in Documents 248, 283, and 285. Defendant respectfully requests that the Court consider these decisions in ruling on the Motion.

[Signature page follows.]

Dated: August 10, 2026.

Respectfully submitted,

*/s/ Kenneth N. Barnes*
Kenneth N. Barnes
Barnes Legal, PLLC
356 Travel Lite Dr.
Raleigh, NC 27603
919-524-1977
Email: barnesatty@aol.com

*Counsel for Greg E. Lindberg*[1]

[1] Pursuant to LCrR 44.1 and LCvR 83.1 (c)(4), attorney Vivek Ramachandran has not signed this document while his Motion for Pro Hac Vice remains pending.

**ARTIFICIAL INTELLIGENCE CERTIFICATION**

Pursuant to the Standing Order *In Re: Use of Artificial Intelligence* entered by this Court on June 18, 2024, the undersigned certifies that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg. The undersigned further certifies that every statement and every citation to an authority contained in this document has been checked for accuracy by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Dated: August 10, 2026.

*/s/ Kenneth Barnes*
Kenneth Barnes
*Counsel for Greg E. Lindberg*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date set forth below, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve a notice of electronic filing upon all counsel of record and all parties registered to receive such notices in this case.

Dated: August 10, 2026.

*/s/ Kenneth Barnes*
Kenneth Barnes
*Counsel for Greg E. Lindberg*